# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AKILLEON LARAN CHASE, (TDCJ-CID #01871753) Plaintiff, | § § § § § | |
| vs. | § | CIVIL ACTION H-19-0980 |
| CORPORATE UNITED STATES, et al., Defendants. | § § § § | |

## MEMORANDUM AND OPINION

Akilleon Laran Chase, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in March 2019, alleging civil rights violations resulting from a denial of due process and involuntary servitude. Chase has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. From his litigation history, the Court presumes that he seeks leave to proceed in forma pauperis. Chase, proceeding pro se, sues Corporate United States and the Harris County Jail.

The threshold issue is whether Chase's claims should be dismissed as frivolous.

## I.    Chase's Allegations

Chase asserts that he is the descendent of Arthur Lee Chase, Sr., Olivia Chase, and Patricia Gay Reece. Chase states that he is one hundred percent Native American. He complains that the Harris County Jail ("HCJ") has illegally used his incorporated name, "Akilleon Laran Chase," in conjunction with SPN Number 2489022. Chase states that he is acting as a secured party creditor. He further complains that he is being subjected to slavery by being confined in the Texas Department

of Criminal Justice - Correctional Institutions Division.

Chase seeks $100,000,000,000.00 in compensatory damages. He further seeks 10,000 acres in land and his immediate release from custody.

## II.   Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

Chase does not present a logical set of facts to support any claim for relief. Instead, his complaint that the Harris County Jail and TDCJ are illegally using his incorporated name presents fantastic allegations which are fanciful and delusional in nature. Dismissal is warranted under these circumstances.

Chase's claims are also barred by the doctrine announced in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *Heck* requires dismissal of a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's

conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Chase's complaint is that he was improperly charged and convicted of aggravated robbery. The complaint challenges the validity of his convictions and sentences. A ruling granting Chase the relief which he seeks would necessarily implicate the validity of his convictions in Cause Numbers 133872301010 and 133872201010 and inevitably affect the duration of his confinement.

Under *Heck,* Chase must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Chase cannot make such showing. He has not alleged that his convictions in Cause Numbers 133872301010 and 133872201010 have been reversed, invalidated or otherwise expunged. Until Chase receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . ."). Chase's claims challenging his convictions for aggravated robbery are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Chase's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Alternatively, the Court finds that Chase's allegation of involuntary servitude is frivolous. Section One of the Thirteenth Amendment to the United States Constitution reads as follows: "Neither slavery nor involuntary servitude, except as punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

The Thirteenth Amendment clearly did not totally abolish slavery and involuntary servitude. An exception was made for people convicted of crimes. The Fifth Circuit has clearly held that requiring inmates to work without compensation does not violate the Constitution nor constitute involuntary servitude. *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir. 1988). The State maintains discretion to determine whether and under what circumstances inmates will be paid for their labor. *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir. 1988).

The Fifth Circuit also emphasized that "inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work." *Ali v. Johnson,* 259 F.3d 317, 317 (5th Cir. 2001). Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor. *See Ali v. Johnson,* 259 F.3d 317, 318 (5th Cir. 2001); *Murray v. Miss. Dep't of Corr.,* 911 F.2d 1167, 1167 (5th Cir. 1990).

Inmates likewise do not have a basis for a claim under the Fair Labor Standards Act if they are forced to work without compensation. *Loving v. Johnson,* 455 F.3d 562, 563 (5th Cir. 2006). Moreover, "[t]he refusal to work, by a group or even a single inmate, presents a serious threat to the

orderly functioning of a prison. Any unjustified refusal to follow the established work regime is an invitation to sanctions." *Mikeska v. Collins,* 900 F.2d 833, 837 (5th Cir. 1990), modified, 928 F.2d 126 (5th Cir. 1991). The mere allegation that some prisoners are paid for work, while others are not, does not establish unlawful discrimination. *Id.*

On-line research reveals that Chase is serving two concurrent twenty-year sentences for two 2013 convictions for aggravated robbery with a deadly weapon. (Cause Numbers 133872301010 & 133872201010). Online records show that Chase's maximum discharge date is July 30, 2032. Chase had been duly convicted and sentenced by the state trial court. At the time he was required to work in the prison, he had not yet served his full sentence. He states no cognizable violation of the Thirteenth Amendment. Chase has not shown that the defendants violated his rights by making him hold a prison job. Chase has failed to support his 42 U.S.C. § 1983 action by showing that he was deprived of a right or interest secured by the Constitution and laws of the United States. *See Doe v. Rains County Ind. Sch. Dist.,* 66 F.3d 1402, 1406 (5th Cir. 1995).

## III. Conclusion

Chase's constructive motion to proceed in forma pauperis, (Docket Entry No. 1), is GRANTED. The action filed by Akilleon Laran Chase (TDCJ-CID Inmate #01871753) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The TDCJ-CID must deduct twenty percent of each deposit made to Chase's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail

to:

(1)  the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)  the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on April 4, 2019.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE